UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA A. LEE, ) | No. 05-4638 SC |
| ) | |
| Plaintiff, ) | |
| ) | ORDER GRANTING |
| v. ) | DEFENDANT'S CROSS- |
| ) | MOTION FOR SUMMARY |
| JO ANNE BARNHART, ) | JUDGMENT |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## I. INTRODUCTION

Teresa Lee ("Plaintiff" or "Claimant") moves for Summary Judgment on her action seeking review of the Social Security Commissioner's final decision denying her claim for Medicare benefits. Defendant Jo Anne Barnhart, the Commissioner of Social Security ("Defendant" or "Commissioner"), has filed a Cross-Motion for Summary Judgment. For the reasons explained below, the Court hereby DENIES Plaintiff's Motion for Summary Judgment and GRANTS Defendant's Cross-Motion for Summary Judgment.

## II. BACKGROUND

A. Claimant's Medical History

Claimant, a female aged sixty-two, injured her lower back in 1990. Administrative Record ("AR") at 420. Various treatments

1  enabled her to return to work as a letter clerk for the United
2  States Postal Service for one day in 1992 and two months in 1998,
3  but she was otherwise unable to work following her injury in 1990.
4  AR at 19, 420-21.

5  Dr. Lerman treated Claimant for pain in 1990 and 1991.  He
6  tried physical therapy, a steroid injection, and medication.  AR
7  at 355-59.  He noted that Claimant "does perceive significant
8  pain," but "her symptoms are out of proportion to her pathology."
9  AR at 357.  He referred her to Dr. Saal for pain management, who
10 wrote that Claimant "clearly has substantial components of pain
11 behavior, depression and reactive psychological changes."  AR at
12 353.  Dr. Saal then referred Claimant to Dr. Schofferman, who
13 became Claimant's primary physician for the next eleven years.
14 Dr. Schofferman also recommended psychotherapy, but this course of
15 treatment was discontinued after Claimant failed to show
16 improvement after a year and a half.  AR at 397.  In November
17 2003, Dr. Schofferman noted:

>     [H]er clinical condition has progressively gotten worse.  It
>     also has become complicated by depression secondary to her
>     pain and impairment.  She has an MRI scan that is abnormal.
>     She has disc degeneration.  Her clinical symptoms are
>     consistent with her MRI findings.  AR at 408.

21  B.  Procedural History

22  On September 30, 2002, Claimant filed an application for
23 disability insurance benefits under Title II of the Social
24 Security Act, alleging disability since February 22, 1990.  AR at
25 36.  The Social Security Administration ("SSA") denied her
26 application in the first instance and then again on
27 reconsideration.  AR at 38, 43.

2

On December 10, 2003, at Claimant's request, the SSA held a hearing before an Administrative Law Judge ("ALJ"). AR at 18. Claimant testified that she has experienced constant lower back pain and depression since her injury in 1990. AR at 422-24. Dr. Schofferman, Claimant's treating physician, submitted reports indicating that Claimant was unable to perform any reasonable full-time job due to degenerative disc disease and depression. AR at 22. By contrast, Dr. Pon, the examining physician for the Disability Determination Service, noted that though Claimant had some "inhibition weakness" of the lower extremities, there was no objective evidence nerve root impingement. He concluded that Claimant had the functional capacity to return to work. AR at 229. Similarly, Dr. Jensen, the medical expert who attended the hearing, concluded that there was no objective evidence to confirm Dr. Schofferman's opinions. Dr. Jensen also stated that he believed Claimant could return to work. AR at 430-31.

The ALJ found that Claimant was not disabled and that she "was capable of performing a substantial number of light jobs," including most of the tasks required by her previous job. AR at 25. The Appeals Council declined to review the ALJ's decision, thus making the ALJ's decision the final decision of the Commissioner for purposes of judicial review. AR at 7. Claimant appeals the Commissioner's decision under 42 U.S.C. § 405(g). See Pl.'s Mot for Summ. J. ("Pl.'s Mot").

### III. **LEGAL STANDARD**

This Court may set aside the decision of the ALJ if it is

3

based on an incorrect application of the law or is not supported by substantial evidence. See 42 U.S.C. § 405(g). "Substantial evidence" is the relevant evidence which a reasonable person might accept as adequate to support the ALJ's conclusion. Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998). In order to be "substantial," the evidence must amount to "more than a mere scintilla," but need not rise to the level of a preponderance. Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989). Where the evidence could reasonably support either affirming or reversing the ALJ's decision, this Court may not substitute its judgment for the ALJ's decision. See Reddick, 157 F.3d at 720-21. "The ALJ is responsible for determining credibility and resolving conflicts in medical testimony and ambiguities." Lewis v. Apfel, 236 F.3d 503, 509 (9th Cir. 2001).

**IV.  DISCUSSION**

For purposes of the Social Security Act, a person is disabled when she lacks the ability to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

Claimant challenges the ALJ's decision that she is not disabled for purpose of the Social Security Act on three grounds. First, Claimant contends that the ALJ improperly rejected the opinions of the treating physician. Pl.'s Mot. at 5. Second, Claimant maintains that the ALJ improperly discounted her symptom-

reporting. Id. at 7. Third, Claimant asserts that the ALJ's finding on past relevant work was improper. Id. at 9.

### A. Whether the ALJ Improperly Ignored the Treating Physician's Opinion

The Court finds that the ALJ fully considered, rather than ignored, the treating physician's opinions and medical reports. The ALJ devoted a considerable portion of his evaluation to the findings of the treating physician, Dr. Schofferman. After discussing seven of Dr. Schofferman's reports from an eleven-year time period, the ALJ stated:

> The undersigned gives little weight to Dr. Schofferman's above-noted opinions, as they are not consistent with the medical record as a whole, or with the doctor's own examination and treatment notes. The objective laboratory reports and X-rays in this matter are not consistent with the extremely reduced level of activity described by the doctor. AR at 23.

Upon discounting the opinions of the treating physician, the ALJ gave greater weight to the opinions of the examining physician, Dr. Pon, and the medical expert witness, Dr. Jensen. If the treating doctor's opinion is contradicted by another doctor, the ALJ may not reject this opinion without providing "specific and legitimate reasons supported by substantial evidence in the record." Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995), quoting Murray v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983). "This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998).

> Where the opinion of the claimant's treating physician is contradicted, and the opinion of a nontreating source is

5

based on independent clinical findings that differ from those of the treating physician, the opinion of the nontreating source may itself be substantial evidence; it is then solely the province of the ALJ to resolve the conflict. <u>Andrews v. Shalala</u>, 53 F.3d 1035, 1041 (9th Cir. 1995).

In his evaluation, the ALJ provided specific and legitimate reasons as to why the report by Dr. Pon, who examined Claimant in December 2002, deserved more weight than that of Dr. Schofferman. AR at 22-24. Dr. Pon reviewed Claimant's medical records and performed a full physical examination. The ALJ described Dr. Pon's report and noted that though an X-ray revealed some disc narrowing, it was not severe enough to prevent Claimant's return to work. AR at 22, 229. Dr. Pon asserted that Claimant's condition would allow her "to stand and/or walk for a total of 6 hours during an 8-hour workday . . . [and] sit for a total of 6 hours during an 8-hour workday." AR at 229. Based upon his analysis of Dr. Pon's independent clinical findings, the ALJ was entitled to resolve the conflict in favor of Dr. Pon and against Dr. Schofferman.

The ALJ also credited the testimony of the medical expert, Dr. Jensen. "[R]eports of the nonexamining advisor need not be discounted and may serve as substantial evidence when they are supported by other evidence in the record and are consistent with it." <u>Andrews</u>, 53 F.3d at 1041. The testimony of Dr. Jensen was supported by, and consistent with, other evidence in the record, namely the testimony of Dr. Pon and the X-ray and MRI results which confirmed only mild findings of disc degeneration. AR at 22, 23. Thus, the ALJ was entitled to regard the reports of Dr. Jensen as substantial evidence.

6

In summary, the Court must defer to the ALJ's findings of fact, provided that they are supported by substantial evidence. See 42 U.S.C. § 405(g) and Reddick, 157 F.3d at 720. "The ALJ is responsible for determining credibility and resolving conflicts in medical testimony and ambiguities." Lewis, 236 F.3d at 509. The Court finds that the ALJ's decision was supported by information contained in the Administrative Record, such as test results and physicians' reports on Claimant's medical condition. The Court finds no reason to disturb the ALJ's decision, based as it is on substantial evidence.

B. Whether the ALJ Improperly Discounted Plaintiff's Symptom-Reporting

Claimant contends that the ALJ did not offer clear and convincing evidence as to why Plaintiff's symptom reporting was inaccurate. Pl.'s Mot. at 8-9. The Ninth Circuit stated that when the Claimant has "produced medical evidence of underlying impairments consistent with his complaints and there is no affirmative evidence that he is malingering, the ALJ's reasons for rejecting [Claimant]'s testimony must be clear and convincing." Regennitter v. Commissioner, 166 F.3d 1294, 1296 (9th Cir. 1999). Contrary to Plaintiff's assertions, the ALJ had before him the clear and convincing evidence necessary to discount Plaintiff's testimony. Both medical experts, Dr. Pon and Dr. Jensen, stated that Claimant was capable of returning to work based upon their investigations. AR at 22, 23, 229, 430. While Dr. Jensen only reviewed the medical records, Dr. Pon performed a physical examination of Claimant as part of his evaluation. AR at 227-230.

The medical evidence indicated that Plaintiff had adequate flexibility in her lower extremities. AR at 22, 229. Moreover, the ALJ credited the results of several X-ray and MRI tests which revealed some disc compression, but no damage severe enough to support Plaintiff's claims. AR at 22. Because the ALJ's determination was based on clear and convincing evidence, the Court will not disturb the ALJ's decision to discount Claimant's symptom-reporting.

### C. Whether the ALJ's finding on past relevant work was proper

Plaintiff also asserts that the ALJ failed to consider the effect of her mental limitations in evaluating her ability to return to work. Pl.'s Mot at 9. In this area, the ALJ "has a duty to make the requisite factual findings to support his conclusion." Pinto v. Massanari, 249 F.3d 840, 844 (9th Cir. 2001). "This is done by looking at the 'residual functional capacity and the physical and mental demands' of the claimant's past relevant work." Id.

In his written decision, the ALJ made the requisite factual findings as to the alleged mental impairments. The ALJ found "that the claimant has mild restrictions of the activities of daily living; she has mild difficulties in maintaining social functioning; she has moderate difficulties in maintaining concentration, persistence, or pace." AR at 24. Furthermore, the ALJ described Claimant's residual functional capacity through the date last insured, listing her capabilities to perform a variety of physical and mental tasks. AR at 24. Finally, the ALJ

8

credited Claimant's description of her job as a letter clerk for the United States Postal Service and noted that based upon his findings of fact, she was capable of performing past work and was not disabled under the SAA. AR at 24-25. The ALJ noted that Claimant's job comprised "unskilled" labor, which did not demand much concentration or pace. AR at 25. Thus, the ALJ performed the appropriate legal analysis and made proper factual findings with respect to Plaintiff's mental condition and relevant past work.

## V.   CONCLUSION

Because the ALJ's decision was supported by substantial evidence, the Court finds no reason to disturb the final decision of the Social Security Administration.

Accordingly, Claimant's Motion for Summary Judgment is DENIED and Defendant's Cross-Motion for Summary Judgment is GRANTED.

IT IS SO ORDERED.

Date:   December 8, 2006

_____
UNITED STATES DISTRICT JUDGE